UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HUNT, on behalf of herself, all others similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>VEP HEALTHCARE, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 3:16-CV-04790-VC<br><br>[PROPOSED] ORDER AS MODIFIED GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT<br><br>Date: November 30, 2017<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Dept.: 2<br><br>Action Filed:   April 6, 2015<br>Trial Date:      None Set |

The Court has reviewed the unopposed Renewed Motion for Preliminary Approval of Class and Collective Action Settlement filed by Plaintiff Emily Hunt. The Court has considered the Memorandum of Points and Authorities in support of Plaintiff's Unopposed Renewed Motion for Preliminary Approval of Class and Collective Action Settlement, the Declaration of William Turley and attached exhibits, the Declaration of Mae Tucker, the Declaration of Kelly Danna and attached exhibits.

The Court's review of this proposed settlement is governed by Federal Rule of Civil Procedure 23(e). *See Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. April 7, 2016). Under the requirements of Rule 23(e), generally, courts "determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Cotter*, 176 F. Supp. 3d at 935 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). "It is the settlement taken as a whole, rather than the individual parts, that must be examined for overall fairness." *Cotter*, 176 F. Supp. 3d at 935 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 628 (9th Cir. 1982)).

"District courts have interpreted Rule 23(e) to require a two-step process for the approval of class action settlements: 'the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.'" *Cotter*, 176 F. Supp. 3d at 935 (quoting *In re High-Tech Emp. Antitrust Litig.*, Case No. 11-CV-02509-LHK, 2014 U.S. Dist. LEXIS 110064, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004)). At final approval, the Court must balance the following non-exhaustive factors to evaluate the fairness of the proposed settlement: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a

governmental participant; and the reaction of the class members to the proposed settlement." *Cotter*, 176 F. Supp. 3d at 935 (quoting *Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

The standards courts are to follow at the preliminary approval stage are less clear. *Cotter*, 176 F. Supp. 3d at 935. "Some district courts . . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *Cotter*, 176 F. Supp. 3d at 935 (quoting *In re High-Tech Emp. Antitrust Litig.*, 2014 U.S. Dist. LEXIS 110064, 2014 WL 3917126, at *3 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)) (citing *Cordy v. USS—Posco Indus.*, No. 12-553, 2013 U.S. Dist. LEXIS 108952, 2013 WL 4028627, at *3 (N.D. Cal. Aug. 1, 2013)). In determining whether the proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is "plaintiffs' expected recovery balanced against the value of the settlement offer." *Id.* (quoting *In re Nat'l Football League Players' Concussion Injury Litig.*, 961 F. Supp. 2d 708, 714 (E.D. Pa. 2014)); *see also Nielson v. Sports Auth.*, No. C-11-4724-SBA, 2012 U.S. Dist. LEXIS 168226, 2012 WL 5941614, at *6 (N.D. Cal. Nov. 27, 2012). "Determining whether the settlement falls in the range of reasonableness also requires evaluating the relative strengths and weaknesses of the plaintiffs' case; it may be reasonable to settle a weak claim for relatively little, while it is not reasonable to settle a strong claim for the same amount." *Cotter*, 176 F. Supp. 3d at 935.

Where the parties reach a settlement before class certification, courts must apply a "higher standard of fairness." *Cotter*, 176 F. Supp. 3d at 935-936 (quoting *Hanlon*, 150 F.3d at 1026). This additional scrutiny is needed to ensure that the interests of the class are adequately protected, because the agreement has "not [been] negotiated by a court-designated class representative." *Cotter*, 176 F. Supp. 3d at 935-936.

Under this framework, the Court hereby finds and orders as follows:

1. The Court finds on a preliminary basis that the provisions of the Joint Stipulation and Settlement Agreement (hereinafter "Agreement"), filed with the Court on December 1, 2017, are fair, just, reasonable, and adequate and, therefore, meet the requirements for preliminary approval.

2. For purposes of this Order, the Court adopts all defined terms as set forth in the Agreement.

3. The Court conditionally certifies, for settlement purposes only, the following stipulated collective (referred to in the Parties' Agreement as the "FLSA Collective") described in the Motion for Preliminary Approval:

> **All individuals employed by VEP Healthcare, Inc. anywhere in the United States as Physician's Assistants who were eligible to receive productivity pay from April 6, 2012 through May 15, 2017.**

4. The Court certifies, for settlement purposes only, the following stipulated class (referred to the Parties' Agreement as the "California Class") described in the Motion for Preliminary Approval:

> **All individuals employed by VEP Healthcare, Inc. as Physician's Assistants in the state of California who were eligible to receive productivity pay from April 6, 2011 to May 15, 2017.**

5. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

6. This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Parties' Agreement.

7. The Court finds, for settlement purposes only, the requirements of 29 U.S.C. § 216(b) for conditional certification of an FLSA Collective Action are satisfied.

8. This Order, which conditionally certifies a FLSA collective for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking conditional certification,

[PROPOSED] ORDER AS MODIFIED GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT

Case No 3:16-CV-04790-VC

– 4 –

opposing decertification, or for any other purpose, other than enforcing the terms of the Parties' Agreement.

9. The Court appoints for settlement purposes only, as the Class/Collective Representative Emily Hunt.

10. The Court appoints for settlement purposes only, William Turley, David Mara, and Jill Vecchi of The Turley & Mara Law Firm, APLC, as Class/Collective Counsel for the purposes of settlement and the releases and other obligations therein.

11. CPT Group, Inc. is appointed as Class Administrator.

12. The Notice of Collective and Class Action Settlement, in the form attached to the Joint Stipulation and Settlement Agreement as Exhibit 1, is approved.

13. The FLSA Settlement Claim Form and Release of Claims (hereinafter referred to as the "FLSA Claim Form"), in the form attached to the Joint Stipulation and Settlement Agreement as Exhibit 2, is approved.

14. The Class Administrator is ordered to mail the Notice of Collective and Class Action Settlement and FLSA Claim Form to the California Class and FLSA Collective Members as provided in the Agreement. The Court finds that this Notice is the best notice practicable under the circumstances and is in compliance with the requirements of Fed. R. Civ. P. 23 and applicable standards of due process and that, when completed, shall constitute sufficient notice to Class/Collective Members of the settlement, the Final Approval Hearing, and the right to be excluded from the settlement.

15. Each Participating California Class and FLSA Collective Member will have forty-five (45) days after the date on which the Class Administrator mails the Class/Collective Notice to object to the settlement by mailing a written objection to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102. Any Objections shall state: (a) the objecting person's full name, address, and telephone number; (b) the words "Notice of Objection" or "Formal Objection;" (c) describe, in clear and

[PROPOSED] ORDER AS MODIFIED GRANTING MOTION FOR　　　　　　　　　　　Case No 3:16-CV-04790-VC
PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT

– 5 –

concise terms, the legal and factual arguments supporting the objection; (d) list identifying witness(es) the objector may call to testify at the Final Approval Hearing; and (e) provide true and correct copies of any exhibit(s) the objector intends to offer at the Final Approval Hearing. The objection will not be valid if it objects only to the appropriateness of the Action or its merits. The objection and supporting papers must also clearly identify the case name and number (Hunt v. VEP Healthcare, Inc., Case Number 16-cv-04790).

16. Each California Class Member who wishes to be excluded from the settlement shall sign and mail a written request for exclusion to the Settlement Administrator. The written request for exclusion must: (a) state the Class Member's name, address, telephone number, and social security number; (b) state the Class Member's intention to exclude themselves from or opt-out of the Settlement; (c) be addressed to the Settlement Administrator; (d) be signed by the Class Member or their lawful representative; and (e) be postmarked no later than forty-five (45) days after the Settlement Administrator first mails the Notice to the Class.

17. Each FLSA Collective Member who wishes to participate in the settlement of the FLSA Collective claims, will be required to submit the FLSA Claim Form to the Settlement Administrator within forty-five (45) days of the Notice of Collective and Class Action Settlement and FLSA Claim Form being mailed out. To be a valid claim submission, the FLSA Claim Form must be post-marked no later than forty-five (45) days after the Notice and FLSA Claim Form were mailed out by the Administrator.

18. If the Agreement is not finally approved by the Court or for any reason is terminated or otherwise does not become effective, the following will occur: (1) this Preliminary Approval Order, and all of its provisions, will be automatically vacated; (2) the case will proceed as if no settlement has been attempted and notice will be provided to the putative Class/Collective Members that the settlement will not proceed and that, as a result, no payments will be made; (3) no party shall be deemed to have waived any claims, objections, rights, or defenses, or legal arguments or positions, including, but not limited to, objections to class certification and claims and defenses on

the merits; (4) no term or draft of the Agreement, or any aspect of the Parties' settlement discussions, including related documentation, will have any effect or be admissible into evidence for any purpose in the case or in any other proceeding; and (5) Defendant shall have no obligation to pay all or any part of the settlement.

19. During the Court's consideration of the settlement and pending further order of the Court, all proceedings in this case, other than proceedings necessary to carry out the terms and provisions of the Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

20. The Parties may depart from the dates and procedures if mutually agreed upon and such departures are not materially different from the terms of this Order.

The Court's scrutiny of a proposed settlement is as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016). In this case, the proposed settlement reflects a steep discount, which would typically be nearly impossible to justify. Preliminary approval is granted only on the basis of the combination of highly unusual circumstances in this case, including, among other things, the defendant's showing of its deteriorating financial condition and inability to pay a more reasonable settlement. Nevertheless, the discount and multiple rounds of briefing required for preliminary approval will be taken into account in evaluating the motion for attorney's fees.

The proposed timeline from the renewed motion for preliminary approval (Dkt. No. 49 at 42-43) is modified as follows. The following deadlines reflect seven-day extensions from the dates listed in the renewed motion, as well as a new date for the fairness hearing based on the Court's availability.

| | |
|---|---|
| Defendant's Production of Class/Collective List to Administrator | December 14, 2017 |
| Administrator Sends Settlement Notice to Class/Collective Members | December 21, 2017 |
| Plaintiff Files Motion for Attorney's Fee and Enhancement Award and Motion for Final Approval | January 19, 2018 |

[PROPOSED] ORDER AS MODIFIED GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Case No 3:16-CV-04790-VC

| Deadline for Exclusion or to Object to the Settlement | February 4, 2018 |
| --- | --- |
| Filing of Supplemental Brief in Support of Motion for Final Approval to Address Class/Collective Member Response | February 8, 2018 |
| Submission of Settlement Administrator's Declaration to the Court | March 1, 2018 |
| **Final Approval Hearing** | **March 15, 2018, 10:00 am** |

Date: December 5, 2017

_____
Honorable Vince Chhabria
United States District Court Judge