UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HUNT,<br>    Plaintiff,<br>v.<br>VEP HEALTHCARE, INC.,<br>    Defendant. | Case No. 16-cv-04790-VC<br><br>**ORDER REQUIRING NOTICE OF COMPLETION OF DUTIES AND GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 59 |

   To ensure the timely, accurate, and complete distribution of settlement funds, class/collective counsel must file a "Notice of Completion of Duties," with accompanying declarations from themselves and the settlement administrator, 35 days after the final round of payments to class and collective members. The notice should explain in detail when checks were mailed to class and collective members, the number of members who were sent payments, the total amount of money paid out to members, the number of cashed and uncashed checks, the number of members who could not be contacted (if any), any concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

   In addition, the motion for attorneys' fees is granted in part and denied in part. An award of the standard 25 percent benchmark is not appropriate in light of the shoddy and unreliable work performed by counsel. Early in the case, counsel tried to stipulate to remand this case to state court after reaching a settlement, in an apparent attempt to avoid rigorous review of the agreement. After the stipulation was rejected, counsel were required to file preliminary approval papers three times due to repeated deficiencies and mistakes in the settlement documents, and

then submitted final approval papers with internal inconsistencies. Settlement approval was further delayed by counsel repeatedly seeking continuances of deadlines. For these reasons, the Court will award $400,000 in attorneys' fees (representing 20 percent of the gross settlement amount) rather than the $500,000 sought.

Furthermore, only $300,000 in attorneys' fees may be collected from the settlement fund upon the entry of this order. The remaining $100,000 in attorneys' fees will only be awarded upon the filing of an adequate notice of completion of duties after the final set of payments to class and collective members. At that time, counsel should move for the remaining $100,000 in attorneys' fees. Class/collective counsel are expected to diligently supervise the administration of the settlement and remain in close contact with the settlement administrator. If the interests of the class and collective members are not adequately guarded, the final portion of attorneys' fees will not be awarded; instead, the Court will order the redistribution of that amount to the class and collective members.

Class/collective counsel's request for $40,000 for litigation costs and expenses is granted.

**IT IS SO ORDERED.**

Dated: April 3, 2018

VINCE CHHABRIA
United States District Judge